UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 17-0138-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| THOMAS G. TAYLOR | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court are two motions to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Record Documents 190 & 215], accompanied by several supplemental memoranda [Record Documents 200, 208 & 224], filed by Defendant Thomas G. Taylor ("Taylor"). Taylor argues that his susceptibility to COVID-19 based on medical conditions, age, veteran status, release plan, and rehabilitation constitute extraordinary and compelling circumstances justifying a reduction of sentence. The Government opposes Taylor's motions and contends he is not entitled to any relief because he has failed to exhaust his administrative remedies. Record Documents 192, 202 & 218. For the following reasons, Taylor's motions [Record Documents 190 & 215] are **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

### Background

On May 24, 2017, a grand jury in the Western District of Louisiana returned a three-count indictment against Taylor and three co-defendants: Tina Taylor, who is Taylor's wife, Michael Rushton, and Donnie Grabener. Record Document 27. Taylor was charged with (1) conspiracy to distribute fifty grams or more of methamphetamine or five hundred grams or more of a mixture and substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and (2) possession with intent to distribute fifty grams or more of methamphetamine or five hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *Id.*

Taylor entered a conditional guilty plea as to Count One on March 5, 2018, which carried a statutory mandatory minimum of ten years. With a total offense level of thirty-one and a criminal history level V (with twelve points), Taylor's Guideline range was 168-210 months. Record Document 151 at 18. However, the Court sentenced Taylor below his Guideline range to 140 months of imprisonment and five years of supervised release. Record Document 143. The Court based the downward variance on the 18 U.S.C. § 3553(a) factors including Taylor's age, drug or alcohol dependence, employment record, criminal history, and to avoid unwanted sentencing disparities among defendants. Record Document 144 at 3.

On June 29, 2020, Taylor submitted his first motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Record Document 190. In his motion, Taylor contends he is eligible for compassionate release because he suffers from anemia, chronic obstructive pulmonary disease, diabetes, and cirrhosis of the liver, all of which make him susceptible to complications from COVID-19. *Id.* at 1. Six months later, Taylor submitted a supplement to his motion further contending he is entitled to relief based on his age, military veteran status, marriage, "stable home and release plan," and rehabilitation. Record Document 200 at 2-3, 5. With the supplement, Taylor submitted a form dated October 30, 2020, that he purports to be a BP-9 request for administrative remedies.

Record Document 200-1 at 1. Taylor stated that the form was submitted to the warden of his facility "over two months" before filing his supplement. Record Document 200 at 2.

The Government opposed Taylor's motion, arguing Taylor did not exhaust his administrative remedies and is therefore not entitled to relief. Record Documents 192 & 202. The Government submitted evidence that the Bureau of Prisons ("BOP") had not received Taylor's purported BP-9 form or any other request for administrative remedies. *See* Record Documents 202-1, 202-2 & 202-3. Based on the Government's assertions, the Court ordered Taylor to submit evidence that he exhausted his administrative remedies. Record Document 203. In response to the Court's order, Taylor submitted a filing stating: "Taylor submits this motion under the penalty of perjury and includes a copy of his BP9. The warden office claims it has been backlogged. They haven't had a chance to review." Record Document 208 at 2. The BP-9 was not attached to Taylor's motion.

On March 21, 2022, Taylor submitted his second motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Record Document 215. In his second motion, Taylor again stated that he complied with the administrative exhaustion requirements, but did not submit a BP-9 or any other evidence of exhaustion with the

---

[1] Although it is unclear whether Taylor's March 21, 2022 filing is a supplement to Taylor's original motion or a new motion for compassionate release, it is captioned as a motion and appears in substance to be a new motion. Taylor is a *pro se* prisoner and his filings are "entitled to the benefit of liberal construction." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011).

motion. The Government again opposed Taylor's motion on the basis that Taylor did not exhaust his administrative remedies. Record Document 218. The Government submitted evidence to the Court that the BOP had still not received a request for administrative remedies from Taylor. Record Document 218-1. The Government's submission included an affidavit from a BOP employee stating that they completed a comprehensive search of all relevant databases and did not find any records of Taylor's BP-9 or any other requests for administrative remedies. *Id.* The Government also included medical documentation related to Taylor's claims.[2] Record Document 219.

In his August 2022 reply brief, Taylor explained that "[t]he first inmates to assist him did not understand" the administrative exhaustion requirement. Record Document 224 at 2. Taylor submitted a letter dated June 14, 2022 requesting compassionate release, which he says he sent to the warden of his facility. *Id.* at 3; Record Document 224-1 at 2.

## Law & Analysis

### I. Exhaustion of Remedies

Historically, only the Director of the BOP could file a motion to reduce an inmate's sentence. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5193,

---

[2] The Government filed a motion requesting its submission of Taylor's medical records, Exhibits 2 through 11 to Record Document 218, be sealed. Record Document 219. The Court is mindful that "the working presumption is that judicial records should not be sealed." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). However, each of the ten documents submitted by the Government are medical records that contain "extensive sensitive information." *See United States v. Fournier*, No. 12-276, 2022 WL 1645085, at *9-10 (E.D. Tex. May 24, 2022); *McCoy v. Kuku*, No. 17-0275, 2019 WL 3281176, at *6 (S.D. Tex. July 19, 2019). Therefore, the Government's motion to seal [Record Document 219] is **GRANTED**.

5239. After the First Step Act of 2018, however, a court may consider compassionate release motions directly from prisoners. 18 U.S.C. § 3852(c)(1)(A). But before a prisoner pursues compassionate release through a district court, he must first exhaust all administrative remedies or wait for a lapse of thirty days from the time he files his request with the warden. *Id.*

The administrative exhaustion provision of 18 U.S.C. § 3852(c)(1)(A) is set out in mandatory terms. The district court can only modify a sentence after the defendant has exhausted his administrative remedies. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). This mandatory language includes no exceptions, equitable or otherwise. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 361 (5th Cir. 2022) (citing *Ross v. Blake*, 578 U.S. 632, 639 (2016)) ("Mandatory exhaustion regimes brook no exceptions."); *see also United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). Therefore, this Court may only consider Taylor's motion if he has satisfied the aforementioned exhaustion requirement.

To comply with the administrative exhaustion requirement, a defendant must exhaust their remedies *before* filing their motion for compassionate release. *Franco*, 973 F.3d at 468 ("The statute's requirement that a defendant file a request with the BOP before filing a motion in federal court is a nonjurisdictional claim-processing rule."); *United States v. Gurley*, No. 17-71, 2020 WL 6343142, at *4 (E.D. La. Oct. 29, 2020) ("A defendant must exhaust administrative remedies before filing a motion in the district court seeking compassionate release pursuant to Section 3582(c)(1)(A).").

Taylor did not comply with the statutory exhaustion requirement. There is no evidence that Taylor submitted any request for an administrative remedy prior to filing his June 29, 2020 motion. *See* Record Document 190. Although Taylor later submitted a purported BP-9 form, the form was dated October 30, 2020—four months after he filed his first motion for compassionate release—and thus does not establish exhaustion of administrative remedies prior to seeking relief from the Court. *See* Record Document 200-1. Further, based on the parties' evidence, it does not appear that Taylor's BP-9 was ever submitted. The Government provided evidence that it was not. Record Document 202-1. Taylor did not submit any evidence refuting the Government's claim, and later conceded that he did not understand what the exhaustion requirement entailed. Record Document 224 at 2.

At the time Taylor submitted his March 21, 2022 motion [Record Document 215], there was still no evidence he exhausted his administrative remedies. Although Taylor later proffered a letter he claims he submitted to the warden of his facility, that letter was dated June 14, 2022—three months after the filing of his second motion. Record Document 224-1 at 2. Therefore, the letter does not establish Taylor exhausted his administrative remedies prior to seeking relief from the Court.

Because Taylor has not established that he fulfilled the statutory administrative exhaustion requirement, the Court cannot properly consider either motion for

compassionate release. If Taylor wishes to seek compassionate release, he must exhaust his administrative remedies *before* filing a new motion with the Court.[3]

### Conclusion

For the reasons assigned herein, Taylor's motions for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Record Documents 190 & 215] are hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**. The Government's motion to seal exhibits attached to its opposition [Record Document 219] is hereby **GRANTED**.

**THUS DONE AND SIGNED** this 13th day of November, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that Taylor is now in the custody of the BOP Dallas Residential Reentry Management field office. Since the filing of Taylor's motions, the Court has modified the conditions of Taylor's supervision to specify that he will "reside at a halfway house, or similar facility," for 180 days or "until he has obtained a release residence approved by the U.S. Probation Office." Record Document 227 at 1. Taylor waived his right to a hearing regarding the modification of sentencing conditions. Record Document 228. The Court observes that any new motion for compassionate release would seek a finding from the Court that Taylor should be released from the halfway house where he currently resides.